IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY LAYMON, | : |
| Plaintiff, | : |
| v. | : No.: 05-193E |
| THE CANADA LIFE ASSURANCE COMPANY, | : |
| Defendant. | : |

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

AND NOW, comes The Canada Life Assurance Company (hereinafter "Canada Life"), by and through its attorneys, Jones, Gregg, Creehan & Gerace, L.L.P., files the following Motion to Dismiss Plaintiff's Complaint pursuant to F.R.C.P. 12(b)(6):

1. Plaintiff commenced the instant lawsuit by the filing of a Complaint in the Court of Common Pleas Erie County, Pennsylvania. The suit was removed to the United States District Court for the Western District of Pennsylvania on the basis that the matters asserted in the Complaint arise under the laws of the United States, to-wit: Section 502(a)(1)(B) of the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. §1132(a)(1)(B).

2. According to the averments of the Complaint, Plaintiff was an employee of Big Lots, Inc. and was insured for long-term

disability benefits under a group insurance policy issued by Canada Life, policy number 88255. (Complaint, ¶¶3,36, and 38).

3. In his Complaint, Plaintiff acknowledges that the group long-term disability policy is governed under the laws of ERISA. (Complaint, ¶¶42, 44, 52, 59, 63- 65, and 67-69; Count II).

## COUNT I

### BAD FAITH-DECLINATION OF BENEFITS

4. In Count I, Plaintiff avers that Canada Life acted in bad faith in denying his claim for benefits and seeks an award of interest on the amount of the claim from the date the claim was made in an amount equal to the prime rate of interest plus 3%, an award of punitive damages, court costs, and attorneys' fees. (Complaint, ¶50).

5. Plaintiff's claim is in actuality a state law claim for bad faith pursuant to 42 Pa.C.S.A. §8371. As such, it is preempted by ERISA. See: 29 U.S.C. §1144(a). Therefore, Count I must be dismissed with prejudice.

## COUNT II

### BAD FAITH-UNTIMELY NOTIFICATION UNDER ERISA

6. In Count II of the Complaint, Plaintiff claims that Canada Life did not comply with ERISA's notice requirements set forth in 29 C.F.R. §2560.503-1, that Canada Life is, therefore,

precluded from denying Plaintiff's claim and that Plaintiff is thus entitled to judgment in his favor. (Complaint, ¶¶59, 63-65).

7.  Plaintiff also avers that Canada Life "did not have a reasonable basis for denying benefits given its violation of the applicable ERISA provisions and regulations" and that Canada Life "knew or recklessly disregarded its lack of reasonable basis in denying benefits given the violation of the applicable ERISA provisions and regulations." (Complaint ¶¶68 and 69).

8.  Count II is preempted by ERISA and must be dismissed with prejudice because Plaintiff is not entitled to pursue a cause of action for bad faith. ERISA does not permit recovery on a theory of bad faith.

9.  Count II must also be dismissed with prejudice because no presumption of claim validity exists for failure to provide the notices required under 29 C.F.R. §2560.503-1. Rather, Section 2560.503-1(l) simply provides that a claimant does not have to further exhaust his/her administrative remedies before filing suit if proper notice is not provided during the claims handling process.

## COUNT III

### BREACH OF CONTRACT

10. In Count III, Plaintiff seeks to recover on a theory of "breach of contract," averring that Canada Life "lack[ed] any

3

sound or credible basis to decline the Plaintiff's claim on a factual or medical basis," that Canada Life "breached its obligations and duties under the contract of insurance with the Plaintiff," and that Plaintiff has "satisfied all material contractual terms in regard to notice of the claim and presentment of the claim for benefits" to Canada Life. (Complaint, ¶¶ 75-77).

11. Count III of the Complaint is preempted by ERISA and must be dismissed with prejudice because ERISA's civil enforcement provisions allow a plan participant only to recover benefits as provided by 29 U.S.C. §1132(a). ERISA preempts state law insofar as it relates to any employee benefit plan. 29 U.S.C. §1144(a). State breach of contract claims are squarely within the scope of ERISA preemption and must be dismissed with prejudice.

U.S. District Court for the Western District of PA, No.: 05-193E

WHEREFORE, The Canada Life Assurance Company requests that Counts I, II and III of Plaintiff's Complaint be dismissed with prejudice.

Respectfully submitted,

JONES GREGG CREEHAN & GERACE, L.L.P.

By: _____
John P. Davis, III
Pa. I.D. No.: 33294
411 Seventh Avenue
Suite 1200
Pittsburgh, PA   15219
(412) 261-6400

Counsel for The Canada Life
Assurance Company