IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY LAYMON,<br>    Plaintiff,<br>  v.<br><br>THE CANADA LIFE ASSURANCE COMPANY,<br>    Defendant. | No.: 05-193E |

## BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

AND NOW, comes The Canada Life Assurance Company (hereinafter "Canada Life"), by and through its attorneys, Jones, Gregg, Creehan & Gerace, L.L.P., files the following Brief in Support of its Motion to Dismiss Plaintiff's Complaint:

### STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a party to seek dismissal of a Complaint and/or Count of a Complaint if it fails to state a claim upon which relief can be granted. A Motion to Dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim. In considering such a Motion, the Court must accept as true all factual allegations of the Complaint and draw all reasonable inferences in a light most favorable to the plaintiff. Waters v. Kemper Insurance Companies, 2004 WL 2700914*1 (W.D. Pa.); Dolce v. Hercules, Inc. Insurance Plan, 2003 WL 22992148*2 (E.D. Pa.). A court "may dismiss a claim only if it is clear that no relief could be granted under any

set of facts that could be proven consistent with the allegations." Dolce, at *2. However, the Court "will not accept unwarranted inferences or sweeping legal conclusions cast in the form of factual allegations." Waters, supra. at *1.

**FACTS**

Plaintiff commenced the instant lawsuit by the filing of a Complaint in the Court of Common Pleas Erie County, Pennsylvania. The suit was removed to the United States District Court for the Western District of Pennsylvania on the basis that the matters asserted in the Complaint arise under the laws of the United States, to-wit: Section 502(a)(1)(B) of the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. §1132(a)(1)(B).

According to the averments of the Complaint, at all times material hereto, Plaintiff was an employee of Big Lots, Inc. in Erie, Pennsylvania. (Complaint ¶3). While employed at Big Lots, Plaintiff was a participant in Big Lots' "Group Long-Term Disability Insurance Plan." The Plan is an employee welfare benefit plan created and administered under the laws of ERISA, 29 U.S.C. §1001 et. seq. Canada Life's Group Policy funded disability claims brought under the Plan.

Plaintiff alleges that during the course of his employment, he experienced certain medical conditions that resulted in his being totally disabled and unable to perform his job duties.

(Complaint, ¶¶3, 36.) Plaintiff submitted a claim for long-term disability benefits under a group insurance policy, number 88255, issued by Canada Life. (Complaint ¶¶36 and 38).

Plaintiff avers that he submitted his claim to Canada Life in accordance with ERISA regulations. (Complaint, ¶¶42 and 44). In his Complaint, Plaintiff acknowledges that the group long-term disability policy is governed under the laws of ERISA. (Complaint, ¶¶42, 44, 52, 59, 63- 65, and 67-69; Count II).

### COUNT I
### BAD FAITH-DECLINATION OF BENEFITS

In Count I, Plaintiff claims that Canada Life acted in bad faith in denying his claim for benefits and seeks an award of interest on the amount of the claim from the date the claim was made in an amount equal to the prime rate of interest plus 3%, an award of punitive damages, court costs, and attorneys' fees. (Complaint, ¶50). Plaintiff's claim is in actuality one for bad faith pursuant to 42 Pa. C.S.A. §8371. As such, it is preempted by ERISA. Therefore, Count I must be dismissed with prejudice.

Section 514(a) of ERISA (29 U.S.C. §1144(a)) states that the provisions of ERISA "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan. . ."[1]  Nevertheless, §1144(b)(2)(a) saves from

---

[1] See also: Rush Prudential HMO, Inc. v. Moran, 536 U.S. 355, 375-76, 122 S.Ct. 2151, 2164-65 (2002): "In ERISA law, we have recognized one

3

preemption certain state statutes that that "regulate[] insurance." However, in order to "regulate insurance" the statute must be "specifically directed toward entities engaged in insurance" **and** "must affect the risk pooling arrangement between the insurer and the insured." Kentucky Association of Health Plans, Inc. v. Miller, 538 U.S. 329, 341-42, 123 S.Ct. 1471, 1479 (2003). Numerous courts have declared Pennsylvania bad faith claims to be preempted by ERISA using the new Miller criteria. See: Rieser v. Standard Life Insurance Company, 2004 WL 1166575*3 (E.D. Pa.); Waters, supra, at *3; and Dolce v. Hercules, Inc. Insurance Plan, 2003 WL 22992148*4 (E.D. Pa.). See also: Aetna Health Inc. v. Davila, 542 U.S. 200, 124 S.Ct. 2488, 2500 (2004) ("As this Court has recognized in both Rush Prudential and Pilot Life, ERISA §514(b)(2)(A) must be interpreted in light of the congressional intent to create an exclusive federal remedy in ERISA § 502(a). Under ordinary

---

example of this sort of overpowering federal policy in the civil enforcement provisions, 29 U.S.C. §1132(a), authorizing civil actions for six specific types of relief. . . [T]hose provisions amounted to an 'interlocking, interrelated, and interdependent remedial scheme,' [citation omitted] which Pilot Life [Insurance Company v. Dedeaux, 481 U.S. 41, 54, 107 S.Ct. 1549 (1987),] described as 'representing a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans.' [Citation omitted] So, we have held, the civil enforcement provisions are of such extraordinarily preemptive power that they override even the 'well-pleaded complaint' rule for establishing the conditions under which a cause of action may be removed to a federal forum."

principles of conflict pre-emption, then, even a state law that can arguably be characterized as "regulating insurance" will be pre-empted if it provides a separate vehicle to assert a claim for benefits outside of, or in addition to, ERISA's remedial scheme.").

## COUNT II
### BAD FAITH-UNTIMELY NOTIFICATION UNDER ERISA

In Count II of the Complaint, Plaintiff claims that Canada Life did not comply with ERISA's notice requirements, 29 C.F.R. §2560.503-1, that Canada Life is, therefore, precluded from denying Plaintiff's claim and that Plaintiff is thus entitled to judgment in his favor. (Complaint, ¶¶59, 63-65). Plaintiff also avers that Canada Life "did not have a reasonable basis for denying benefits given its violation of the applicable ERISA provisions and regulations" and that Canada Life "knew or recklessly disregarded its lack of reasonable basis in denying benefits given the violation of the applicable ERISA provisions and regulations." (Complaint ¶¶ 68 and 69).

For the reasons stated, supra, Plaintiff's bad faith claim is preempted by ERISA. Count II must also be dismissed because no presumption of claim validity exists for a failure to provide the notices required under 29 C.F.R. §2560.503-1. Rather, Section 2560.503-1(l) simply provides that a claimant does not have to further exhaust his/her administrative remedies before

5

filing suit if proper notice is not provided during the claims handling process. Therefore, Count II must also be dismissed with prejudice.

### COUNT III
### BREACH OF CONTRACT

In Count III, Plaintiff seeks to recover on a theory of "breach of contract," averring that Canada Life "lack[ed] any sound or credible basis to decline the Plaintiff's claim on a factual or medical basis," that Canada Life "breached its obligations and duties under the contract of insurance with the Plaintiff" and that Plaintiff has "satisfied all material contractual terms in regard to notice of the claim and presentment of the claim for benefits" to Canada Life. (Complaint, ¶¶ 75-77).

Count III is preempted by ERISA because it seeks recovery under a state common law breach of contract theory. ERISA preempts state laws insofar as they relates to any employee benefit plan. 29 U.S.C. §1144(a). State breach of contract claims are squarely within the scope of ERISA preemption and must be dismissed. Waters, supra, at *1.

6

U.S. District Court for the Western District of PA, No.: 05-193E

WHEREFORE, The Canada Life Assurance Company requests that Plaintiff's Complaint be dismissed with prejudice.

Respectfully submitted,

JONES GREGG CREEHAN & GERACE, L.L.P.

By: _____
John P. Davis, III
Pa. I.D. NO. 33294
411 Seventh Avenue
Suite 1200
Pittsburgh, PA  15219
(412) 261-6400

Counsel for The Canada Life Assurance Company

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) has been furnished via regular First-class, postage pre-paid U.S. Mail Delivery this 8th day of July 2005, to:

        Jeff A. Connelly, Esquire
824 Hillborn Avenue, Suite One
     Erie, Pennsylvania 16505
      (Counsel for Plaintiff)



        JONES, GREGG, CREEHAN & GERACE, LLP


BY: _____
     John P. Davis, III
     Pa. I.D. No.: 33294
     Counsel for The Canada
     Assurance Life Company,
     Defendant