IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY LAYMON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05-cv-193 |
| | ) |
| THE CANADA LIFE ASSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

TO:   Defendant

## NOTICE

    You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Amended Complaint and Notice are served, by entering a written Appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Amended Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or rights important to you.

    **YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

Lawyers Referral Service<br>
302 West Ninth Street<br>
Erie, Pennsylvania 16502-1427<br>
(814) 459-4411<br>
Mon - Fri<br>
8:30 a.m. - 3:00 p.m.

ELDERKIN, MARTIN, KELLY & MESSINA

By   /s/ Laura Steehler Nelson
      Laura Steehler Nelson, Esquire
      Attorney for Plaintiff, Larry Laymon

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY LAYMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-cv-193 |
| | ) | |
| THE CANADA LIFE ASSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED COMPLAINT

AND NOW comes the Plaintiff, Larry Laymon, by and through his attorneys, ELDERKIN, MARTIN, KELLY & MESSINA, and files the following Amended Complaint, respectfully alleging the following in support thereof:

1. This is a civil enforcement action under 29 U.S.C. 1132(a)(1)(B) (2005), brought by the Plaintiff, Larry Laymon, as an appeal of the final decision of Defendant, The Canada Life Assurance Company denying his claim for long-term disability insurance benefits under his long-term disability policy.

2. Jurisdiction and venue are conferred upon this Honorable Court pursuant to 29 U.S.C. § 1132(e).

3. Plaintiff is an adult individual currently residing at 3063 West 11th Street, Apt. #25, Erie, Pennsylvania 16505.

4. Defendant, The Canada Life Assurance Company (hereinafter "Canada Life"), is an insurance company organized and operating on a national basis including within the Commonwealth of Pennsylvania with a principal place of business located at P.O. Box 105025, Atlanta, Georgia 30348.

5. At all relevant times, Plaintiff was employed with Big Lots Stores, Inc (hereinafter "Big Lots").

6. Plaintiff began his employment with Big Lots on or about July 24, 1989.

7. As part of his benefit package with Big Lots, Plaintiff was provided with long-term disability insurance from Defendant (hereinafter the "LTD Policy"). Defendant provided Plaintiff with a Summary Plan Description booklet entitled, "Your Guide to Benefits." A true and correct copy of this booklet is attached hereto as Exhibit "A," and is incorporated herein by reference as if set forth in its entirety.

8. On or about February 11, 2002, Plaintiff became disabled due to leg edema; hypertension; chronic pain and swelling in his legs and feet; headaches; vertigo; a near syncopal episode; as well as other various medical conditions.

9. Plaintiff immediately notified his supervisor of his disability and followed up with his family physician, Julie Ann Wehrer, M.D. for evaluation and treatment.

10. Subsequent to the February 11, 2002, Plaintiff applied for short-term disability benefits.

11. Upon information and belief, Big Lots approved Plaintiff's application and paid short-term disability benefits to Plaintiff for the maximum period permitted, twenty-six (26) weeks, from February 13, 2002 through August 11, 2002.

12. Plaintiff has been continuously disabled since February 13, 2002, within the terms of the LTD Policy.

13. Plaintiff is entitled to receive long-term disability benefits under the LTD Policy as of August 12, 2002, through the duration of his disability, or until he exhausts the maximum benefits under the LTD Policy, whichever is sooner.

14. At the conclusion of his twenty-six (26) weeks of short-term disability, Claimant applied for long-term disability benefits with Defendant.

15. Plaintiff has filed notice and proof of disability with Defendant on the forms provided by Defendant.

16. By letter dated March 25, 2004, Defendant denied Plaintiff's claim for long-term disability benefits under the LTD Policy.

17. Defendant has failed and neglected and still fails and neglects to pay the benefits due to Plaintiff under the LTD Policy.

18. Plaintiff has exhausted his administrative remedies and has performed all of the conditions required of him by the Defendant under the LTD Policy. Specifically, Plaintiff applied for and was awarded Social Security disability benefits; Plaintiff has been disabled for more than 26 consecutive calendar weeks; and Plaintiff has utilized all of Defendant's internal appeal procedures prior to receiving Defendant's March 25, 2004 final denial of his claim.

### COUNT I – Civil Enforcement Action - 29 U.S.C. § 1132(a)(1)(B)

19. Paragraphs 1 through 18 are hereby incorporated by reference as if set forth in their entirety.

20. Pursuant to the terms of the long-term disability policy of the LTD Policy, Defendant is obligated to pay long-term disability benefits to Plaintiff.

21. Defendant's failure to pay said benefits to Plaintiff is, and continues to be, a violation of the terms and conditions of the LTD Policy.

22. Defendant's refusal to pay Plaintiff his benefits under the terms and conditions of the LTD Policy has caused Plaintiff to incur expense, suffer unnecessary delay and hardship, and otherwise sustain damages that would have been avoided if the Defendant had promptly and reasonably honored and complied with its contractual obligations.

WHEREFORE, Plaintiff, Larry Laymon, demands judgment against Defendant, The Canada Life Assurance Company, for all benefits Plaintiff is entitled to under the LTD Policy until such time as his disability ceases or the benefits are exhausted pursuant to the terms of said policy, plus attorney's fees and other relief as this Court may deem appropriate.

Respectfully submitted,

ELDERKIN, MARTIN, KELLY & MESSINA

By  /s/ Laura Steehler Nelson
    Edward J. Betza, Esquire
    Laura Steehler Nelson, Esquire
    Attorneys for Plaintiff
    150 East Eighth Street
    Erie, Pennsylvania 16501
    (814) 456-4000

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on 14th day of September, 2005, a true and correct copy of the within document was duly served on all counsel of record and unrepresented parties by mailing the same to them at their designated offices by first class United States mail, postage prepaid, and/or by personal service.

ELDERKIN, MARTIN, KELLY & MESSINA

By  /s/ Laura Steehler Nelson
    Laura Steehler Nelson, Esquire