IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LARRY LAYMON,

    Plaintiff,

v.                                No. 1:05-cv-00193

THE CANADA LIFE ASSURANCE
COMPANY,

    Defendant.

## ANSWER AND DEFENSES TO THE AMENDED COMPLAINT

AND NOW, comes The Canada Life Assurance Company (hereinafter "Canada Life"), by and through its attorneys, Jones, Gregg, Creehan & Gerace, LLP, and files the following Answer and Defenses to The Amended Complaint:

## ANSWER

1. The averments of paragraph 1 constitute conclusions of law to which a Responsive Pleading is not required. However, to the extent that a Responsive Pleading is required, it is admitted that Plaintiff purports to bring a civil enforcement action under 29 U.S.C. 1132(a)(1)(B) and that Canada Life denied Plaintiff's claim for long-term disability insurance benefits. The remaining averments of paragraph 1 are denied.

2. The averments of paragraph 2 are admitted.

3. The averments of paragraph 3 are admitted based upon information and belief.

4. In response to the averments of paragraph 4, it is admitted that at all times pertinent to the Amended Complaint Canada Life was an insurance company organized and operating in the Commonwealth of Pennsylvania and that it had a principal place of business at Atlanta, GA.

5. The averments of paragraph 5 are admitted based on information and belief.

6. After reasonable investigation, Canada Life has insufficient knowledge to admit the averments of paragraph 6 and, therefore, denies the same.

7. The averments of paragraph 7 are admitted in part and denied in part. It is admitted based upon information and belief that Plaintiff was an employee of Big Lots at all times material hereto and that he was a participant in Big Lots' Long-Term Disability Plan. It is further admitted that a copy of the Guide to benefits booklet is attached to the Amended Complaint as Exhibit "A." Canada Life is without information or knowledge sufficient to admit the remaining averments of paragraph 7 and, therefore, denies the same.

8. The averments of paragraph 8 constitute conclusions of law to which a Responsive Pleading is not required. Nevertheless, to the extent that a Responsive Pleading is required, it is denied that Plaintiff became disabled or is

disabled as that term is defined under the plan and policy provisions.

9. The averments of paragraph 9 are admitted in part and denied in part. It is admitted that Plaintiff sought evaluation and treatment from Dr. Wehrer. However, Canada Life denies that Plaintiff was or is disabled. Canada Life is without information or knowledge sufficient to admit the remaining averments of paragraph 9 and, therefore, denies the same.

10. After reasonable investigation, Canada Life is without information or knowledge sufficient to admit the averments of paragraph 10 and, therefore, denies the same.

11. After reasonable investigation, Canada Life is without information or knowledge sufficient to admit the averments of paragraph 11 and, therefore, denies the same.

12. The averments of paragraph 12 are denied.

13. The averments of paragraph 13 constitute conclusions of law to which a Responsive Pleading is not required. Nevertheless, to the extent that a Responsive Pleading is required, the averments of paragraph 13 are denied.

14. The averments of paragraph 14 are admitted in part and denied in part. While it is admitted that Plaintiff applied for long-term disability benefits with Canada Life, Canada Life is without information or knowledge sufficient to admit the

remaining averments of paragraph 14 and, therefore, denies the same.

15. In response to the averments in paragraph 15, it is admitted that Plaintiff filed a Notice of Claim with Canada Life on forms provided by Canada Life and that he submitted his "Proof of Disability" as those terms are defined by the plan documents. The remaining averments of paragraph 15 are denied and it is specifically denied that Plaintiff is, in fact, disabled as defined by the plan documents.

16. The averments of paragraph 16 are admitted.

17. The averments of paragraph 17 constitute conclusions of law to which a Responsive Pleading is not required. Nevertheless, to the extent that a Responsive Pleading is required, the averments of paragraph 17 are denied as stated. While it is admitted that Canada Life has not paid long-term disability benefits to Plaintiff under the LTD Policy, it is denied that Plaintiff is entitled to such benefits because Plaintiff does not meet the definition of disability under the plan documents.

18. The averments of paragraph 18 are admitted in part and denied in part. While it is admitted that Plaintiff has exhausted his administrative remedies required under the Plan, the remaining averments of paragraph 18 are denied.

No. 1:05-cv-00193

## COUNT I - CIVIL ENFORCEMENT ACTION - 29 USC §1132(a)(1)(B)

19. Canada Life incorporates herein as it has set forth in full paragraphs 1-18, supra.

20. The averments of paragraph 20 constitute conclusions of law to which a Responsive Pleading is not required. Nevertheless, to the extent that a Responsive Pleading is required, the averments of paragraph 20 are denied.

21. The averments of paragraph 21 constitute conclusions of law to which a Responsive Pleading is not required. Nevertheless, to the extent that a Responsive Pleading is required, the averments of paragraph 21 are denied.

22. The averments of paragraph 22 constitute conclusions of law to which a Responsive Pleading is not required. Nevertheless, to the extent that a Responsive Pleading is required, the averments of paragraph 22 are denied.

### FIRST DEFENSE

23. Plaintiff's Amended Complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEENSE

24. Plaintiff's claims against Canada Life are barred by the relevant statutes of limitations.

### THIRD DEFENSE

25. By the express provisions of the Guide to Benefits attached to the Amended Complaint as Exhibit "A" and the group

5

insurance policy, Canada Life is granted "full discretion to interpret all claims evidence and materials, and to make all claims decisions under the contract, except as otherwise provided by law."

**FOURTH DEFENSE**

26. At no time did Canada Life abuse its discretion in determining Plaintiff's eligibility for benefits, its construction of the terms of the plan, its interpretation of claims evidence and material and in making its decision with respect to Plaintiff's claim.

**FIFTH DEFENSE**

27. Whether or not Canada Life abused its discretion in determining that Plaintiff is not eligible for the long-term disability benefits claimed is determined based upon the records before it at the time it made its decision.

**SIXTH DEFENSE**

28. The Guide to Benefits attached to the Amended Complaint as Exhibit "A" and the group insurance policy each provide that the maximum period for which benefits might be paid to Plaintiff is sixty months.

**SEVENTH DEFENSE**

29. The Guide to Benefits attached to the Amended Complaint as Exhibit "A" and the group insurance policy each provide that any long-term disability benefits for which

6

Plaintiff may be eligible must be integrated with all Plaintiff's income from other sources that plaintiff is receiving or is eligible to receive as a result of disability in determining the amount of his monthly income benefit. Based upon information and belief, Plaintiff received $7,757.00 in Social Security Disability benefits on or about February 2, 2003 and has been receiving $1,569.00 per month since then. Therefore, any benefit to which Plaintiff may be entitled, which entitlement is denied, would be subject to and integrated with those payments and any other income he may be receiving or eligible to receive because of disability.

### EIGHTH DEFENSE

30. Plaintiff is not "Totally Disabled" as that term is defined under the provisions of the Guide to Benefits attached to the Amended Complaint as Exhibit "A" and the group insurance policy, each of which defines "Totally Disabled" and "Total Disability" as meaning

> during the Elimination Period and the next 24 months because of an Injury or Sickness You meet **all** of the following:
>
> a) You are unable to do the Material and Substantial Duties of Your Own Occupation; **and**
>
> b) You are receiving Appropriate Evaluation and Treatment from a Physician for that Injury or Sickness; and

7

c) Your Work Earnings are less than 20% of Your Indexed Pre-Disability Monthly Earnings.

The definition changes 24 months after the end of the Elimination Period. From that point on, Totally Disabled and Total Disability mean because of Injury or Sickness, **all** of the following are true:

a) You are unable to do the Material and Substantial Duties of any occupation for which you are or may become reasonably qualified by education, training, or experience; **and**

b) You are receiving Appropriate Evaluation and Treatment from a Physician for that Injury or Sickness; and

c) Your Work Earnings are less than 20% of Your Indexed Pre-Disability Monthly Earnings.

### NINTH DEFENSE

31. Plaintiff is not "Residually Disabled" and does not have a "Residual Disability" as those terms are defined in the Guide to Benefits attached to the Amended Complaint as Exhibit "A" and the group insurance policy, each of which defines "Residually Disabled" and "Residual Disability" as meaning

during the Elimination Period and the next 24 months because of an Injury or Sickness, You meet **all** of the following:

a) You are unable to do the Material and Substantial Duties of Your Own Occupation; **and**

b) You are receiving Appropriate Evaluation and Treatment from a Physician for that Injury or Sickness; **and**

8

    c)    Your Work Earnings are between 20% to 80% of Your Indexed Pre-Disability Monthly Earnings.

The definition changes 24 months after the end of the Elimination Period. From that point on, Residually Disabled and Residual Disability mean because of an Injury or Sickness, **all** of the following are true:

    a)    You are unable to do the Material and Substantial Duties of any occupation for which You are or may become reasonably qualified by education, training, or experience; **and**

    b)    You are receiving Appropriate Evaluation and Treatment from a Physician for that Injury or Sickness; **and**

    c)    Your Work Earnings are between 20% to 60% of Your Indexed Pre-Disability Monthly Earnings.

## **TENTH DEFENSE**

32. Should it be determined that Plaintiff is disabled and that his disability was caused by or related to mental illness as defined by the Guide to Benefits attached to the Amended Complaint as Exhibit "A" and the group insurance policy, disability benefits are not payable with respect to a mental illness or disorder for any period while Plaintiff is not under the continuing care of a physician specializing in psychiatric care. Based upon information and belief, Plaintiff has not been and is not under the continuing care of a physician specializing in psychiatric care.

No. 1:05-cv-00193

## ELEVENTH DEFENSE

33. Plaintiff is not entitled to long-term disability benefits because he has not met the provisions of the Guide to Benefits attached to the Amended Complaint as Exhibit "A" and the group insurance policy that require that Plaintiff be totally disabled as defined by the Guide to Benefits and the group insurance policy or that Plaintiff be receiving Appropriate Evaluation and Treatment from a Physician.

Respectfully Submitted,

JONES, GREGG, CREEHAN & GERACE, LLP

BY: _____
JOHN P. DAVIS, III
PA ID. NO. 33294

ATTORNEY FOR DEFENDANT,
THE CANADA LIFE ASSURANCE COMPANY

No. 1:05-cv-00193

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **ANSWER AND DEFENSES TO AMENDED COMPLAINT** has been furnished via Email this 12th day of October 2005, to:

LAURA STEEHLER NELSON, ESQUIRE
ELDERKIN, MARTIN, KELLY & MESSINA
JONES SCHOOL SQUARE
150 EAST EIGHTH STREET
ERIE, PA 16501-1269
lsnelson@elderkinlaw.com

JONES, GREGG, CREEHAN & GERACE, LLP

BY: _____
JOHN P. DAVIS, III
PA ID. NO. 33294

ATTORNEY FOR DEFENDANT,
THE CANADA LIFE ASSURANCE COMPANY